UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LASONIA ANN WHITEHEAD,

     Petitioner,                                                 Case No.17-12195

v.                                                                   HON. AVERN COHN

ANTHONY STEWARD,

     Respondent.

_____/

**MEMORANDUM AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**
**(Doc. 8)**
**AND**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

This is a habeas case under28 U.S.C. § 2254. Petitioner Lasonia Ann

Whitehead, proceeding <u>pro se</u>, challenges her conviction for second-degree murder,

M.C.L. § 750.317. Before the Court is respondent's motion to dismiss on the grounds

the petition was not timely filed. (Doc. 8). For the reasons that follow, the motion will be

granted.

**II. Procedural History**

Petitioner was originally charged with first-degree murder but plead guilty to a

reduced charge of second-degree murder. On October 7, 2013, petitioner was

sentenced to twenty to forty years in prison.

Appellate counsel was appointed to represent petitioner. After meeting with

appellate counsel, petitioner signed an affidavit agreeing with appellate counsel's advice

that it would not be in her interest to appeal her conviction.  (Doc. 9-5).  Petitioner

therefore did not file a direct appeal.

On September 25, 2015, petitioner filed a post-conviction motion for relief from

judgment with the trial court, which was denied. People v. Whitehead, No. 13-007693-

01 (Dec. 21, 2015).  The Michigan appellate courts denied leave to appeal.  People v.

Whitehead, No. 331896 (Mich. Ct. App. May 17, 2016); lv. den. 500 Mich. 933 (2017).

The instant petition was filed on May 31, 2017.[1]

### III.  Discussion

There is a one year statute of limitations for filing habeas petitions.  The statute

provides that the one year runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).

Here, the Court must first determine when petitioner's conviction became "final,"

in order to ascertain when the limitations period began running.  A state-court judgment

becomes "final" when direct review by the state court ends or when the time to seek

---

[1]Under the prison mailbox rule, the Court assumes the petition was filed on May
31, 2017, the date that it was signed and dated.

direct review expires, whichever comes later.  See Wilberger v. Carter, 35 F. App'x.

111, 114 (6th Cir. 2002).

Petitioner was sentenced on October 7, 2013.  Petitioner had six months after

her sentence, under M.C.R. 7.205(F)(3), to file a delayed application for leave to appeal.

Because petitioner never filed a direct appeal, her conviction was final, under

§ 2244(d)(1)(A), six months after the sentencing when the time for filing a direct appeal

in the Michigan Court of Appeals expired.  See Williams v. Birkett, 670 F.3d 729, 731

(6th Cir. 2012).  Petitioner's conviction therefore became final on April 7, 2014.

Petitioner then had one year, or until April 7, 2015, to timely file a habeas petition,

unless the limitations period was somehow tolled.

Petitioner filed a post-conviction motion for relief from judgment on September

25, 2015.  At that time, however, the statue of limitations had already run.  A

post-conviction motion that is filed following the expiration of the limitations period does

not toll the statute.  See Jurado v. Burt, 337 F. 3d 638, 641 (6th Cir. 2003); see also

Hargrove v. Brigano, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002).  Thus, the petition is

untimely.

Even if untimely, the statute of limitations "is subject to equitable tolling in

appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010).  A habeas petitioner is

entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way'" and

prevented the timely filing of the habeas petition. Id. at 649 (quoting Pace v.

DiGuglielmo, 544 U.S. 408, 418 (2005)).  The Sixth Circuit has observed that "the

doctrine of equitable tolling is used sparingly by federal courts." See Robertson v.

<u>Simpson</u>, 624 F. 3d 781, 784 (6th Cir. 2010).  The burden is on petitioner to show that she is entitled to equitable tolling.

Petitioner has not met her burden.  Although petitioner has not responded to the motion, she alleges in her petition that she has a history of mental illness that was diagnosed while she was at the Wayne County Jail.  Even assuming petitioner suffers from mental illness, to obtain equitable tolling on the ground of mental incompetence, petitioner must show that (1) she is mentally incompetent and (2) her mental incompetence caused his or her failure to comply with the statute of limitations.  <u>See Ata v. Scutt</u>, 662 F.3d 736 (6th Cir. 2011).  Petitioner has not presented any evidence of her mental health during the limitations period nor has she shown that her mental illness was the cause of her untimely filing.  Thus, petitioner is not entitled to equitable tolling based on mental illness.

The statute of limitations may also be equitably tolled based upon a credible showing of actual innocence.  <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298 (1995).  Petitioner has not come forth with new, reliable evidence to establish that she was actually innocent.  Thus, she is not entitled to equitable tolling on this ground.

### IV.  Conclusion

For the reasons stated above, respondent's motion to dismiss is GRANTED. The petition is DISMISSED as untimely under 28 U.S.C. § 2244(d)(1).  Furthermore, because reasonable jurists would not debate the whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right, the Court DECLINES to grant a certificate of appealability under 28 U.S.C. §

2253(c)(2).[2]

        SO ORDERED.

                                    S/Avern Cohn
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE

Dated: March 6, 2018
      Detroit, Michigan

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.